Case 1:08-cv-00584  Document 1  Filed 01/25/2008  Page 1 of 11

FILED
JANUARY 25, 2008
MICHAEL W. DOBBINS
CLERK, U.S. DISTRICT COURT

08 C 584

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| **Citadel Investment Group, L.L.C.,** ) | |
| ) | |
| **Plaintiff,** ) | |
| ) | |
| v. ) | Civil Action No. _____ |
| ) | **JUDGE BUCKLO** |
| **William Yang, Mark Ma,** ) | **MAGISTRATE JUDGE COLE** |
| **Natacha Zhang, individuals and** ) | |
| **Does 1-10** ) | |
| ) | The Honorable _____ |
| ) | |
| **Defendants.** ) | |

**VERIFIED COMPLAINT FOR INJUNCTIVE AND OTHER RELIEF**

Citadel Investment Group, L.L.C. ("Citadel"), by its attorneys, complain of William Yang, Mark Ma, Natacha Zhang, individuals, and Does 1-10 (collectively, "Defendants") as follows:

**THE PARTIES**

1.  This action arises from Defendants' illegal and unauthorized use of Citadel's identity, infringement of Citadel's trademarks, and cybersquatting of the Citadel trademarks through Defendants' registration and use of the domain name "citadel-group.net" and Defendants' use of the Citadel name and images on its web site.

2.  Citadel is a Delaware limited liability company with its principal place of business located at 131 South Dearborn Street, Chicago, IL 60603. Citadel was founded in 1990 and, since then, it has grown into one of the world's largest and most sophisticated alternative investment institutions.

3.  Citadel employs more than one thousand professionals world wide and has offices in New York, Chicago, San Francisco, London, Bermuda, Hong Kong and Tokyo. Its

investors include endowments, pension funds, foundations and other institutional investors, as well as high net worth individuals.  Currently, Citadel manages over $17 billion in investment capital.

      4.      William Yang, Mark Ma and Natacha Zhang are individuals.  The worldwide headquarters of the infringing entity operating at citadel-group.net  is listed as 444 North Michigan Avenue, 12th Floor, #386 PMB, Chicago, IL 60611.  This is not an address associated with the legitimate Citadel Investment Group.  William Yang also lists contact information on WHOIS as follows:

> Citadel Investment Group Inc.
> caoxibeilu 88hao shengaidasha 2406
> shanghai Shanghai 510000
> China
> Phone:   86 021 64380043
> Fax:     86 021 51062769
> Email:   Us_wp@msn.com

      5.      Does 1-10 are any individuals or entities currently unknown to Plaintiff associated with the illegal venture complained of herein.  Due to the high likelihood that the names listed on the web site and with the domain name registrar are fake, Plaintiff will seek to amend its complaint when the true identities of these individuals or responsible individuals or entities are learned.

## DOMAIN NAME REGISTRAR

      6.      Xin Net Technology Corp. ("Xin Net") is a Chinese registrar company whose mailing address is: 1st Floor, 2nd Building Section A, BDA BeiGongD, Beijing, China 100176, CN.  Xin Net will have the capability to deactivate the infringing web site and transfer the domain name to Citadel.  Xin Net is a signatory to Uniform Domain Name Dispute Resolution Policy ("ICANN") and is obligated to comply with an order from a court of

competent jurisdiction to cancel or transfer a domain name. ICANN Dispute Resolution Policy § 3(b).

## NATURE OF ACTION AND JURISDICTION

7. This is an action for trademark infringement, cybersquatting, and unfair business practices in violation of: the Lanham Act, 15 U.S.C. §§ 15 U.S.C. 1114(a); 1125(a) and (d); the Illinois Consumer Fraud and Deceptive Business Practices Act, 815 ILCS 505/2; the Illinois Uniform Deceptive Trade Practices Act, 815 ILCS 510/2; common law trademark infringement; and common law principles of unfair competition. The acts complained of have occurred in this District and in interstate commerce. Jurisdiction is based upon 15 U.S.C. § 1121(a); 28 U.S.C. § 1331; 28 U.S.C. § 1338(a) & (b); and 28 U.S.C. § 1367(a). Venue is proper in this district pursuant to 28 U.S.C. § 1391(a) and (d) because Defendants are located in this judicial district or located in China and may be sued in any district in the United States.

## THE CITADEL TRADEMARKS AND DOMAIN NAME

8. Citadel owns a federally registered trademark for the image CITADEL and corresponding design. See Exhibit A attached hereto. That trademark bears the registration number 2,812,459.

9. Citadel owns the domain name citadelgroup.com, which is the World Wide Web location of its true and legitimate web address.

## THE DEFENDANTS' WRONGFUL ACTS

10. Just days ago, Citadel became aware that Defendants had cloned an old version of its web site to conduct business activity by fraudulently passing themselves off as Citadel. Defendants are using the domain name **citadel-group.net**, Citadel trademarks and

cloned images on the World-Wide Web for unknown illegal purposes. Pages from Defendants' web site are attached hereto as Exhibit B.

11. In addition, the web site requests password information from visitors to the web site. This activity exposes Citadel to a grave risk of theft of confidential information from its customers, potential customers, employees and potential employees.

12. The infringing web site has been altered to include email addresses of false contacts and persons not associated with Citadel. The infringing web site also contains Chinese language writing that has never appeared on Citadel's web site. Further, the infringing web site invites potential investors and prospective employees to contact fake executives for investing and employment information and opportunities.

13. The web site citadel-group.net mirrors Citadel's actual site in layout and design. See Exhibit B attached hereto; Compare Exhibit C attached hereto (images from Citadel's actual site). Defendants are unmistakably using the domain name citadel-group.net, Citadel trademarks and cloned web site for some unknown but illegal purpose.

14. Defendants' unauthorized use of the domain name citadel-group.net, Citadel trademarks and cloned web site are likely to cause confusion as to Defendants' affiliation, connection, or association with Citadel, or as to the approval by Citadel of Defendants' use for an illegal purpose. Such confusion is likely to result in visitors to the web site providing Defendants with confidential investor information.

15. Because Defendants have used the Citadel trademarks without authorization, consumers are likely to believe that Citadel endorses or approves of whatever use Defendants are making of such trademarks on the web site. As a result, Defendants are falsely

trading on the goodwill associated with the Citadel trademarks and effectuating harm to the goodwill that Citadel has worked to associate with its trademarks.

16. Defendants' registration and use of the domain name citadel-group.net, Citadel trademarks and cloned web site are without Citadel's permission or consent.  See Exhibit D, attached hereto (showing information on Defendants' registration of the citadel-group.net web site).

17. Defendants are not licensed, and have never been licensed, by Citadel to use its trademarks.

18. Defendants know or should know of the valuable reputation and goodwill associated with Citadel's trademarks.  In fact, it is because of this goodwill that Defendants likely chose to make use of Citadel's trademarks to retrieve confidential information from visitors to the web site.

19. Because of Defendants' knowledge of Citadel's trademarks, Defendants' use of these trademarks is willful.  Such willful acts by Defendants have caused, and will continue to cause, irreparable injury to Citadel.

## COUNT I

## TRADEMARK INFRINGEMENT OF FEDERALLY REGISTERED TRADEMARK UNDER THE LANHAM ACT

20. Citadel realleges the allegations of paragraphs 1 through 19 above as though fully set forth therein.

21. Citadel owns a federally registered trademark for the image CITADEL and corresponding design.  See Exhibit A attached hereto.  That trademark bears the registration number 2,812,459.

22. Defendants have marketed, displayed, and advertised the Citadel trademark on their web site.

23. Defendants' actions are likely to cause confusion, or to cause mistake, or to deceive as to the affiliation, connection, or association of Defendants with Citadel, and are further likely to damage the reputation and goodwill previously established by Citadel in its trademark.

24. The foregoing acts of Defendants constitute willful infringement of the Citadel's trademark in violation of Section 32 of the Lanham Act, 15 U.S.C. § 1114(a).

25. Defendants' activities have caused, and will continue to cause, Citadel to suffer irreparable injury.

26. Citadel has no adequate remedy at law.

## COUNT II

## TRADEMARK INFRINGEMENT AND UNFAIR COMPETITION UNDER THE LANHAM ACT

27. Citadel realleges the allegations of paragraphs 1 through 26 above as though fully set forth therein.

28. Citadel owns the trademark CITADEL in various formats and designs. Defendants have marketed, displayed, and advertised Citadel trademarks on their web site.

29. Defendants' actions are likely to cause confusion, or to cause mistake, or to deceive as to the affiliation, connection, or association of Defendants with Citadel, and are further likely to damage the reputation and goodwill previously established by Citadel in its trademark.

30. The foregoing acts of Defendants constitute willful infringement of Citadel's trademarks in violation of Section 43(a) of the Lanham Act, 15 U.S.C. § 1125(a).

31. Defendants' activities have caused, and will continue to cause, Citadel to suffer irreparable injury.

32. Citadel has no adequate remedy at law.

## COUNT III

## CYBERSQUATTING

33. Citadel realleges the allegations of paragraphs 1 through 32 above as though fully set forth herein.

34. Defendants, with a bad faith intent to profit from Citadel's trademarks, have registered and used the citadel-group.net domain name and the Registration No. 2,812,459 trademark.

35. The citadel-group.net domain name is identical or substantially similar to Citadel's true and legitimate domain name citadelgroup.com and Citadel's trademarks.

36. The foregoing acts of Defendants constitute "cybersquatting" as that term is commonly used, in violation of 15 U.S.C. § 1125(d).

37. Defendants' activities have caused, and will continue to cause, Citadel to suffer irreparable injury.

38. Citadel has no adequate remedy at law.

## COUNT IV

## UNFAIR BUSINESS PRACTICES UNDER THE ILLINOIS CONSUMER FRAUD AND DECEPTIVE BUSINESS PRACTICES ACT

39. Citadel realleges the allegations of paragraphs 1 through 38 above as though fully set forth herein.

40. Defendants' knowing and intentional use of the domain name citadel-group.net, Citadel trademarks and cloned web site constitute an unfair method of competition, a

deceptive trade practice, and a misrepresentation of the source, origin, affiliation, or sponsorship of these trademarks under the Illinois Consumer Fraud and Deceptive Trade Practices Act, 815 ILCS 505/2.

41. Defendants' acts are fraudulent and are calculated to cause deception and confusion, and Citadel has been and will continue to be damaged by Defendants' acts.

42. Defendants' acts have caused and will continue to cause irreparable injury to the public and Citadel's goodwill and business reputation.

## COUNT V

## UNFAIR BUSINESS PRACTICES UNDER UNIFORM DECEPTIVE TRADE PRACTICES ACT

43. Citadel realleges the allegations of paragraphs 1 through 42 above as though fully set forth herein.

44. Defendants' activities set forth above have caused and will continue to cause a likelihood of confusion or misunderstanding as to the sponsorship, approval, affiliation, or connection of Defendants with Citadel. In addition, Defendants' activities have given rise and will continue to give rise to the incorrect belief that Defendants have some connection with Citadel, irreparably damaging Citadel's goodwill and reputation, in violation of the Illinois Deceptive Trade Practices Act, 815 ILCS 510/2.

## PRAYERS FOR RELIEF

WHEREFORE, Citadel prays that judgment be entered in its favor and against Defendants as follows:

1. As to Counts I and II:

      (a)    that Defendants be temporarily, preliminarily and permanently enjoined from using any of Citadel's trademarks in any manner likely to cause confusion, or to cause mistake, or to deceive as to the affiliation, connection, or association of Defendants with Citadel.

      (b)    that the Court award profits, damages, costs, and attorneys' fees to Citadel for Defendants' willful infringement of Citadel's trademarks, pursuant to Sections 34, 35, and 36 of the Lanham Act, 15 U.S.C. § 1051, *et. seq*.

2. As to Count III:

      (a)    that Defendants be temporarily, preliminarily and permanently enjoined from using the citadel-group.net or cloned web site images;

      (b)    that the Court order the transfer of the citadel-group.net domain name from Defendants to Citadel, pursuant to 15 U.S.C. § 1125(d)(1)(C); and

      (c)    that the Court award profits, damages, costs, and attorneys' fees to Citadel for Defendants' willful infringement of Citadel's trademarks, pursuant to Sections 34, 35, and 36 of the Lanham Act, 15 U.S.C. § 1051, *et seq*.

3. As to Count IV:

      (a)    that Defendants be temporarily, preliminarily and permanently enjoined from the use or employment of the deception, fraud, false pretense, misrepresentation, and concealment of the fact that they are

using the citadel-group.net domain name or cloned web site images without Citadel's consent; and

(b)    that the Court award Citadel its actual economic damages and other relief as the Court deems proper, pursuant to 815 ILCS 505/10a.

4.    As to Count V:

(a)    that Defendants be temporarily, preliminarily and permanently enjoined from using the citadel-group.net or trademarked language or images in any manner likely to cause confusion, or to cause mistake, or to deceive as to the affiliation, connection, or association of Defendants with Citadel, pursuant to 815 ILCS 510/3; and

(b)    that the Court award costs and attorneys' fees to Citadel pursuant to 815 ILCS 510/3, due to the intentional, bad faith and willful nature of Defendants' acts.

6.    That the Court award Citadel such other and further relief as it deems just and proper.

## JURY DEMAND

Citadel demands a jury on all issues so triable.

**Citadel Investment Group, L.L.C.**

By:    /s/ Ronald Y. Rothstein
rrothstein@winston.com

Winston & Strawn LLP
Ronald Y. Rothstein
Bryna J. Dahlin
Andrea L. Niemeier
35 W. Wacker Dr.
Chicago, IL 60601
(312) 558-5600
Attorneys for Plaintiff

## VERIFICATION

    Under penalties as provided by law, the undersigned, Shawn F. Fagan, Managing Director and Deputy General Counsel for Plaintiff Citadel Investment Group, L.L.C., being first duly sworn under oath, deposes and states that he has read the foregoing Verified Complaint for Injunctive and Other Relief, and on the basis of his personal knowledge, review of appropriate business records and discussions with relevant knowledgeable personnel, he believes the allegations contained therein. This verification is made by deponent and not by Plaintiff because Plaintiff is a limited liability company and deponent is a duly authorized representative thereof.

_____
Shawn F. Fagan

Sworn to and subscribed before me this 25th day of January, 2008.

_____
Notary Public

My Commission Expires: 10/11/11

OFFICIAL SEAL
BRENDA BERKOWITZ
NOTARY PUBLIC - STATE OF ILLINOIS
MY COMMISSION EXPIRES: 10/11/11