IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| Citadel Investment Group, L.L.C., | ) | |
| | ) | |
| Plaintiff, | ) | Civil Action No. 08CV-584 |
| | ) | |
| v. | ) | |
| | ) | |
| William Yang, Mark Ma, Natacha Zhang, individuals, and Does 1-10, | ) ) | Honorable Elaine E. Bucklo |
| | ) | |
| Defendants. | ) | |

## MOTION TO ENFORCE PERMANENT INJUNCTION

Plaintiff Citadel Investment Group, L.L.C. ("Citadel"), by its undersigned counsel, respectfully requests that this Court enter an order to enforce the permanent injunction entered in this matter on March 11, 2008, against defendants William Yang, Mark Ma, Natacha Zhang, and Does 1-10 (collectively, the "Infringers") to compel, at the <.net> and <.com> registry level, the transfer of <citadel-group.net> and <citadel-fund.com> (the "Infringing Domain Names") from their current respective registrars to a registrar selected by Citadel in order for such registrar to effect transfer of ownership of the Infringing Domain Names to Citadel.  Such an order is necessary in order to prevent the Infringers from continuing to violate the permanent injunction. In support of its motion, Citadel states as follows:

### Summary of Prior Proceedings

1. On January 25, 2008, Citadel initiated the present action against the Infringers. *See* Verified Complaint, a true and correct copy of which is attached hereto as **Exhibit 1**.

2. On February 14, 2008, the Court entered a preliminary injunction (the "Preliminary Injunction") restraining the Infringers from, *inter alia*, "using any name or Internet domain name containing the name 'Citadel,'" operating "any website at a domain name

containing the name 'Citadel,'" and using any name or operating "any website that displays images associated with Plaintiff or names identical or similar to any trademark owned by Plaintiff, . . . ." Order for Preliminary Injunction, a true and correct copy of which is attached hereto as **Exhibit 2**. The Preliminary Injunction also ordered that the domain name <citadel-group.net> be transferred to Citadel. *Id.* at ¶ 5.

3. On March 11, 2008, the Court found the Infringers in default and entered a default judgment and permanent injunction (the "Permanent Injunction"), ordering that:

> (a) Defendants and their business partners, affiliates, parents, subsidiaries, officers, directors, employees, servants, representatives, agents, and attorneys, and all other persons or entities acting in concert or participation with or on behalf of **Defendants are hereby permanently restrained from using any name or Internet domain name containing the name "Citadel,"** including but not limited to the name citadel-group.net.
>
> (b) Defendants **shall not operate any website at a domain name containing the name "Citadel"** and shall not use the existing website at citadel-group.net to redirect Internet traffic to any non-infringing site.
>
> (c) Defendants shall be prohibited from selling or transferring to third parties, or changing the registrar for, any domain name containing the name "Citadel."
>
> (d) Defendants **shall not use any name or operate any website that displays images associated with Citadel or names identical or similar to any trademark owned by Citadel**, including but not limited to the trademark bearing the registration number 2,812,459.
>
> (e) The domain name www.citadel-group.net, and any content on that website, **shall be immediately disabled and transferred to Citadel**.

Order for Default Judgment and Permanent Injunction, a true and correct copy of which is attached hereto as **Exhibit 3** (emphasis added).

2

**The Infringers' Ongoing Violations of the Permanent Injunction**

*Failure to Transfer <citadel-group.net>*

4.      Despite the provisions in both the Preliminary Injunction and the Permanent Injunction ordering the transfer of the <citadel-group.net> domain name to Citadel, the Infringers have failed to transfer the <citadel-group.net> domain name to Citadel.

5.      Citadel requested assistance from the entity that maintains the registries in which the Infringing Domain Names are located, VeriSign Inc., to effectuate the transfer of the Infringing Domain Names at the registry level, but that request was denied. VeriSign Inc. indicated that it is willing to effectuate transfer of the Infringing Domain Names to a registrar of Citadel's selection and into the name of Citadel upon receipt of an order from this Court specifically instructing VeriSign Inc. to implement such a transfer to a registrar of Citadel's selection.

*Infringer's Registration and Operation of <citadel-fund.com>*

6.      On June 16, 2008, Citadel discovered that the Infringers had also registered the domain name <citadel-fund.com>. Shortly thereafter, counsel for Citadel contacted the then-current host for <citadel-fund.com>, The Planet.com Internet Services, Inc., requesting that the offending website content be immediately disabled.

7.      On June 17, 2008, Citadel was informed by The Planet.com Internet Services, Inc., that the offending content associated with <citadel-fund.com> had been disabled.

8.      However, on June 18, 2008, one day after the offending content associated with <citadel-fund.com> had been disabled, Citadel discovered that the Infringers had arranged for new hosting for the <citadel-fund.com> domain name, in further violation of the Permanent Injunction, to a new host company, Shanghai HongGuang Economy Info. Development Center,

and were continuing to operate the same offending website that infringe Citadel's intellectual property.

9. The Infringers have thus exhibited both the ability and the willingness to circumvent the Permanent Injunction, and in this case, have done so within one day of Citadel bringing down the offending website.

10. The WHOIS database[1] entry for <citadel-fund.com>, a true and correct copy of which is attached as **Exhibit 4**, identifies the current registrant as "william" and the current Technical Contactor as "yang," both of which list the same email address, "us_wp@msn.com."

11. The WHOIS database entry for <citadel-group.net>, a true and correct copy of which is attached as **Exhibit 5**, identifies "william yang" as the current Administrative Contact, Technical Contact, and Billing Contact, all of which list the same email address, "us_wp@msn.com."

12. Moreover, the website associated with <citadel-fund.com> is virtually identical to the website previously associated with <citadel-group.net> (collectively, the "Infringing Websites"). True and correct screenshots of the <citadel-fund.com> website are attached collectively as **Exhibit 6**.

13. The <citadel-fund.com> website wholly incorporates Citadel's federally registered trademark and corresponding design, registration number 2,812,459, in direct violation of the Permanent Injunction. *See* **Exhibit 6**.

14. The Infringing Websites both utilize what appear to be identical, cloned versions, of Citadel's old website. For example, both of the Infringing Websites (incorrectly) state that

---

[1] The WHOIS database is a record of information provided by a domain name registrant and maintained by that domain name's registrar. A registrar wishing to be certified by the Internet Corporation for Assigned Names and Numbers is required to maintain a WHOIS database for each of the domain names (and their registrants) that it maintains.

Citadel's Worldwide Headquarters is located at 444 North Michigan Avenue, 12th Floor, #386 PMB, Chicago, IL 60611.  *Compare* **Exhibit 6** *with* printouts of <citadel-group.net>, attached to the Verified Complaint as *Exhibit B - Pages from Defendants' website*, true and correct copies of which are attached hereto as **Exhibit 7**.

15. Based upon the identical names and email addresses that were provided upon registration of the Infringing Domain Names, as well as the nearly identical Infringing Websites, it is clear that the Infringers are responsible for registering the Infringing Domain Names and for maintaining the Infringing Websites.  *Compare* **Exhibit 4** *with* **Exhibit 5**; *compare* **Exhibit 6** *with* **Exhibit 7**.

16. As set forth above, the Permanent Injunction prohibits the Infringers from "using any name or Internet domain name containing the name 'Citadel,'" "operat[ing] any website at a domain name containing the name 'Citadel,'" and "us[ing] any name or operate any website that displays images associated with Citadel or names identical or similar to any trademark owned by Citadel."  **Exhibit 3**.  Moreover, the Infringers are required to transfer the <citadel-group.net> domain name to Citadel.  *See* **Exhibit 3** at ¶ 5.

17. Through their registration of <citadel-fund.com>, operation of the offending website associated with <citadel-fund.com> website, and their failure to transfer the <citadel-group.net> domain name to Citadel, the Infringers have clearly violated each of the above-referenced provisions of the Permanent Injunction.

**The Infringing Domain Names Must Be Transferred to a Cooperating Registrar
at the Registry Level and Subsequently Registered in Citadel's Name
<u>In Order to Enforce the Terms of the Permanent Injunction</u>**

18. Even if Citadel is able to persuade hosting companies to disable infringing websites, and there is no guarantee that Citadel will always be able to do so, particularly when

5

the hosting companies are outside of the United States, the Infringers can simply transfer the domain name to a different hosting company. As evidenced by the Infringers' continued use of the Infringing Domain Names and their operation of the Infringing Websites, further action is necessary to enforce the Permanent Injunction.

19.     The Seventh Circuit has plainly set forth that this Court has inherent authority to enforce the Permanent Injunction. *Autotech Technologies LP v. Integral Research & Development Corp.*, 499 F.3d 737, 744 (7th Cir. 2007) ("From our common-law ancestors forward, one of the most important of those powers is the power to punish contempt of court.") (citing *Spallone v. United States*, 493 U.S. 265, 276 (1990) (reaffirming "axiom that courts have inherent power to enforce compliance with their lawful orders through civil contempt") (internal citation omitted); *Young v. United States ex rel. Vuitton et Fils, S.A.*, 481 U.S. 787, 794 (1987) ("[I]t is long settled that courts possess inherent authority to initiate contempt proceedings for disobedience to their orders ....")).

20.     The Infringers have exhibited an intentional disregard for following this Court's orders. They have failed to transfer the <citadel-group.net> domain name to Citadel, they registered <citadel-fund.com>, and they are operating a website that is virtually identical to the website associated with <citadel-group.net>, which the Court previously found infringed Citadel's federally registered trademarks and corresponding designs.

21.     Moreover, even where Citadel is successful in disabling infringing Internet content, in less than a day the Infringers are able to resume their harmful conduct with a different hosting company.

22.     Therefore, the Infringing Domain Names, which currently reside in the <.net> and <.com> registries maintained by VeriSign, Inc., must be transferred at the registry level and then

registered in Citadel's name in order to prevent further harm to Citadel and to enforce the terms of the Permanent Injunction.

23.     Such action by this Court will ensure that, at least for the Infringing Domain Names, the Infringers will be held to the terms of the Permanent Injunction.

WHEREFORE, Plaintiff Citadel respectfully requests entry of the [Proposed] Order, attached hereto as **Exhibit 8**.

Respectfully submitted,

CITADEL INVESTMENT GROUP, L.L.C.

Dated: June 30, 2008

By: /s/ Daniel D. Rubinstein
    One of Its Attorneys

Daniel D. Rubinstein (ARDC #: 6291249)
Paul D. McGrady, Jr. (ARDC #: 6239525)
Jason B. Elster (ARDC #: 6289434)
GREENBERG TRAURIG, LLP
77 West Wacker Drive, Suite 2500
Chicago, Illinois 60601
Tel: 312-456-8400
Fax: 312-456-8435